IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
HERBERT RUFF, et al., etc.,        )
                                   )
                  Plaintiffs,      )
                                   )
      v.                           )     No. 09 C 156
                                   )
CHICAGO POLICE OFFICER H. QAZI,    )
etc., et al.,                      )
                                   )
                  Defendants.      )
```

MEMORANDUM ORDER

City of Chicago and one of its police officers, Hakeem Qazi ("Qazi"), have just filed their Answer to the First Amended Complaint ("FAC") brought against them by Herbert Ruff, Dorothy Williams and Tracy Williams, as mother and next best friend of Dillyn Williams, a minor. This memorandum order is issued sua sponte because of the problematic nature of the so-called affirmative defense ("AD") that is appended to the Answer.

That AD asserts qualified immunity on behalf of Officer Qazi on this premise:

> At all times material to the events alleged in Plaintiffs' First Amended Complaint, a reasonably competent police officer, objectively viewing the facts and circumstances then confronting Defendant Qazi, could have believed his actions regarding the encounter with Plaintiffs Dorothy and Dillyn Williams, and his actions regarding the encounter with and arrest of Plaintiff Herbert Ruff, to be lawful, in light of clearly established law and the information that Defendant Qazi possessed. Defendant Qazi is therefore entitled to qualified immunity on Plaintiffs' claims under federal law.

That may very well be Qazi's argument, but it violates the

fundamental principle that an AD must accept as true all of the allegations of the complaint to which it is addressed, while going on to assert that some other reason excuses the pleader from liability--see App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001), explaining the function and operation of Fed. R. Civ. P. 8(c).  And in this instance the FAC flat-out negates the position advanced in the AD.

Accordingly the AD is stricken.[1]  In all other respects the Answer (including its denials that have put at issue the parties' differing positions on the operative events) will stand.

                                                                        _____
                                                                        Milton I. Shadur
                                                                        Senior United States District Judge

Date:  May 1, 2009

---

[1]  This Court is of course well aware of some earlier Seventh Circuit caselaw indicating that a qualified immunity defense that is not set out in a defendant's pleadings is waived (more accurately, forfeited).  But that caselaw not only dealt with true qualified immunity situations (not true here, where a trial is required to see which side's version of events is more persuasive) but antedated the more modern Supreme Court jurisprudence that speaks to situations where a factual resolution is essential to determine the possibility of immunity--see, e.g., <u>Saucier v. Katz</u>, 533 U.S. 194 (2000) and, more recently, <u>Pearson v. Callahan</u>, 129 S.Ct. 808 (2009).